IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03500-GPG

FREEMAN A. WILLIAMS,

     Applicant,

v.

DAVID ZUPAN, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO, Coffman,

     Respondents.

_____

ORDER OF DISMISSAL
_____

     Applicant, Freeman A. Williams, is a prisoner in the custody of the Colorado

Department of Corrections (CDOC) at the Colorado Territorial Correctional Facility in

Canón City, Colorado.  He has filed an Amended Application for a Writ of Habeas

Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 8).  Mr. Williams challenges the validity

of his convictions and sentence imposed in the District Court of Denver County,

Colorado.  He has paid the $5.00 filing fee.

     On March 15, 2015, Magistrate Judge Gordon P. Gallagher directed

Respondents to file a pre-answer response addressing the affirmative defenses of

timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28

U.S.C. § 2254(b)(1)(A).  Respondents submitted a Pre-Answer Response on April 2,

2015.  (ECF No. 13).  Applicant did not file a Reply by the court-ordered deadline.

     The Court construes Mr. Williams' filings liberally because he is not represented

by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*,

935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not act as an

advocate for *pro se* litigants.  *See Hall*, 935 F.2d at 1110. For the reasons stated below,

the Court will dismiss the Application as untimely.

## I. Background and State Court Proceedings

In July 2006, Mr. Williams was convicted of first degree assault in Denver District

Court Case No. 2006CR313. (ECF No. 13-1, at 2).  He was sentenced to an 18-year

prison term with the CDOC, plus five years of mandatory parole.  (*Id.* at 2-3).

Applicant's conviction and sentence were affirmed on direct appeal in *People v.*

*Freeman A. Williams*, No. 07CA0321 (Colo. App. Aug. 20, 2009) (unpublished).  (ECF

No. 13-4).  The Colorado Supreme Court denied his petition for certiorari review on

November 30, 2009.  (ECF No. 13-6).

On March 29, 2010, Mr. Williams filed a motion for reconsideration of sentence,

pursuant to Colo. Crim. P. Rule 35(b), which was denied by the state district court on

April 14, 2010.  (ECF No. 13-1, at 5).  Applicant did not appeal.

Mr. Williams filed a motion for post-conviction relief, pursuant to Colo. Crim. P.

Rule 35(c), on December 10, 2012, which was denied by the state district court on

December 21, 2012.  (ECF No. 13-1, at 4-5).   The Court of Appeals affirmed the district

court's order in *People v. Williams*, No. 11CA0142 (Colo. App. Aug. 16, 2012)

(unpublished).  (ECF No. 13- 9).   Applicant's petition for certiorari review was denied by

the Colorado Supreme Court on October 28, 2013.  (ECF No. 13-10).

Mr. Williams initiated this action on December 30, 2014.  He filed an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 on March 12, 2015 (ECF No. 8), raising three claims.

Respondents argue that this § 2254 proceeding is barred by the one-year limitation period in 28 U.S.C. § 2244(d).

## II.  AEDPA Time Bar

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) provides:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### A.      Timeliness of Application

Mr. Williams' conviction was final on March 2, 2009,[1] when the 90-day period

expired to seek review in the United States Supreme Court, following the Colorado

Supreme Court's November 30, 2009 order denying certiorari review.  *See Locke v.*

*Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). The one-year period commenced on

March 2, 2009.  *See Holland v. Florida*, 560 U.S. 631, 635 (2010).

 The Court must next determine whether Mr. Williams filed state post-conviction

motions that tolled the one-year limitation period.  Pursuant to 28 U.S.C. § 2244(d)(2), a

properly filed state court post-conviction motion tolls the one-year limitation period while

the motion is pending.  An application for post-conviction review is properly filed with the

meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the

applicable laws and rules governing filings."  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

The requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any
> required filing fees; (3) the obtaining of any necessary judicial
> authorizations that are conditions precedent to filing, such as
> satisfying any filing preconditions that may have been imposed on
> an abusive filer; and (4) other conditions precedent that the state
> may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a post-conviction motion is pending is a matter of federal

law. *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending"

includes "all of the time during which a state prisoner is attempting, through proper use

---

[1]The 90th day was Saturday, February 28, 2009. The next business day was Monday, March 2, 2009.

of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999).

The AEDPA time clock ran for 27 days, from March 2, 2010, until Mr. Williams filed a to Rule 35(b) motion for sentence reconsideration on March 29, 2010.  The one-year period was tolled until June 1, 2010,[2] when the time expired to appeal the state district court's April 14, 2010 order denying the Rule 35(b) motion.  *See* Colo. App. R. 4(b) (allowing 45 days to file a notice of appeal for appeals initiated before July 1, 2012).

The limitation period began to run again on June 2, 2010, and ran for another 191 days, until Mr. Williams filed a Rule 35(c) motion for post-conviction relief on December 10, 2010.  The one-year period was tolled until October 28, 2013, when the Colorado Supreme Court denied certiorari review.

The AEDPA time clock commenced again on October 29, 2013 and ran unabated until it expired 147 days later, on March 25, 2014 (27 days + 191 days + 147 days = 365 days).  Because Mr. Williams did not initiate his federal habeas proceeding until December 30, 2014, the Application is time-barred, unless equitable tolling applies.

## B.    Equitable tolling

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons "in rare and exceptional circumstances." *Gibson,* 232 F.3d at 808 (internal quotation marks omitted); *see also Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).  Equitable tolling may be appropriate if (1) the petitioner is actually innocent; (2) an adversary's conduct or other extraordinary circumstance

---

[2]The 45th day was Saturday, May 29, 2015.  The next business day was Tuesday, June 1, 2010.

prevents the petitioner from timely filing; or (3) the petitioner actively pursues judicial remedies but files a defective pleading within the statutory period. *See Holland v. Florida*, 560 U.S. 631, 649 (2010); *Gibson*, 232 F.3d at 808.  Simple excusable neglect is not sufficient to support equitable tolling. *Gibson*, 232 F.3d at 808.  Furthermore, equitable tolling is appropriate only if the petitioner pursues his claims diligently. *Miller*, 141 F.3d at 978.  The petitioner must "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978)).

Mr. Williams does not allege any facts in his Amended § 2254 Application to meet his burden of demonstrating that equitable tolling is appropriate in this action. Instead, he asserts that, pursuant to Colo. Crim. P. Rule 35(a), he may challenge an illegal sentence at any time. (ECF No. 8, at 10).  Applicant is mistaken.  Because Mr. Williams is seeking habeas relief under the federal habeas corpus statutes, his claims are governed by the AEDPA one-year limitation period, not state law. *See Fisher v. Gibson*, 262 F.3d 1135, 1142 (10th Cir. 2001) (recognizing that federal habeas petitions filed by state prisoners are governed by the one-year limitation period in 28 U.S.C. § 2244(d)(1)).

The Court finds that the claims raised in the Amended § 2254 Application are time-barred.

**IV.  Orders**

For the reasons discussed above, it is

ORDERED that the Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 8), filed *pro se* by Freeman A. Williams, is DENIED

because this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that this action is DISMISSED WITH PREJUDICE.  It is

FURTHER ORDERED that no certificate of appealability shall issue because Mr. Williams has not made a substantial showing that jurists of reason would find it debatable whether the jurisdictional and procedural rulings are correct and whether the underlying claims have constitutional merit. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Williams files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED May 12, 2015, at Denver, Colorado.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court